UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY JOSE PENAGOS-ALVAREZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.: 3:26-cv-00865-RBM-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. 1] |

On February 11, 2026, Petitioner Jimmy Jose Penagos-Alvarez ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner claims he is being detained in violation of the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. (*Id*. ¶¶ 41–48.) For the reasons set forth below, the Petition is **GRANTED**.

## I. BACKGROUND

Petitioner, a national of Venezuela, entered the United States without inspection on or about November 7, 2021. (Doc. 1 ¶ 1.) "On November 10, 2021, DHS released Petitioner from custody on an Order of Release on Recognizance (Form I-220A), without conducting a credible fear interview." (*Id*.; *see* Doc. 1-2 at 2.) "On February 16, 2022,

1

1  DHS issued a Notice to Appear placing Petitioner in removal proceedings under INA § 240." (Doc. 1 ¶ 2; *see* Doc. 1-3 at 2.) On January 28, 2026, Petitioner was arrested and detained by United States Immigration and Customs Enforcement ("ICE") officers. (Doc. 1 ¶ 28.) "Petitioner remains detained at the Otay Mesa Detention Center without having received an individualized custody hearing." (*Id*. ¶ 39.)

On February 11, 2026, Petitioner commenced this action by filing the instant Petition. (Doc. 1.) The Court issued an Order to Show Cause and set a briefing schedule on February 13, 2026. (Doc. 2.) On February 20, 2026, Respondents filed a Response to the Petition. (Doc. 3.) Petitioner filed a Traverse ("Reply") that same day. (Doc. 4.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

"It is [Respondents'] position that Petitioner is subject to mandatory detention under § 1225(b), because Petitioner was present in the United States without being admitted or paroled." (Doc. 3 at 2.) In support of its position, Respondents attempt to incorporate by reference arguments regarding the government's authority for mandatory detention under § 1225(b) made in similar cases. (*See id*. at 2–3 & n.2.)[1] Respondents, however, do not

---

[1] "Generally, courts do not allow incorporation by reference of arguments or 'substantive materials' not contained within the relevant motions' briefs." *Flores v. Bennett*, 635 F.

2

substantively address Petitioner's due process claims.[2]

This Court has granted several habeas petitions filed by similarly situated petitioners who were re-detained several years after having been released pursuant to an Order of Release on Own Recognizance. In those cases, the Court: (1) rejected Respondents' argument that similarly situated petitioners are jurisdictionally barred from bringing his claims under 8 U.S.C. § 1252(g) and § 1252(b)(9); and (2) held that such petitioners are "subject to the discretionary detention procedures under 8 U.S.C. § 1226 and that [their] detention without a bond hearing violates the Due Process Clause." *Faizyan v. Casey*, Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *2 (S.D. Cal. Nov. 17, 2025); *A.S. v. LaRose*, Case No. 25-cv-02876-RBM-VET, ECF No. 9 (S.D. Cal. Nov. 19, 2025); *see also Xie v. LaRose*, Case No.: 3:25-cv-03649-RBM-MSB, 2026 WL 92066, at *2 (S.D. Cal. Jan. 13, 2026) (rejecting respondents' argument that petitioner is a *Bautista* class member and releasing petitioner on due process violation where he was first released on an Order of Release on Own Recognizance pursuant to INA § 236). In *Faizyan* and *A.S.*, the Court applied the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976) and found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights." *Faizyan*, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *A.S.*, Case No. 25-cv-02876-RBM-VET, ECF No. 9 at 11.

---

Supp. 3d 1020, 1029 (E.D. Cal. 2022), *aff'd*, No. 22-16762, 2023 WL 4946605 (9th Cir. Aug. 3, 2023) (collecting cases); *see Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 947 (N.D. Cal. 2014) (declining to consider arguments plaintiff "improperly [sought] to incorporate by reference").

[2] Respondents "request[ ] an opportunity to submit [a more formal response] within a reasonable timeframe" (Doc. 3 at 2 n.1), but notably failed to properly request an extension of time. *See also Sosa Inzuna v. Warden of Adelanto Det. Facility*, — F. Supp. 3d —, 2026 WL 233211, at *3 n.2 (C.D. Cal. 2026) (noting "the current volume of habeas petitions . . . being filed can be attributed to Respondents' deliberate choice to continue defying the final judgment entered in *Bautista*").

1  The Court adopts its reasoning in *Faizyan* and *A.S.* and applies it here. For those
2  same reasons, 8 U.S.C. §§ 1252(g) and (b)(9) do not bar Petitioner's challenge to the
3  constitutionality and legality of his current detention. *See Faizyan*, 2025 WL 3208844, at
4  *2–4; *A.S.*, Case No. 25-cv-02876-RBM-VET, ECF No. 9 at 4–6.
5  The Court also finds that Petitioner is subject to the discretionary detention
6  framework of § 1226 because he was first released under an Order of Release on Own
7  Recognizance, issued on a Form I-220A, and already residing in the United States for
8  several years before his most recent arrest. *See Faizyan*, 2025 WL 3208844, at *4–6; *A.S.*,
9  Case No. 25-cv-02876-RBM-VET, ECF No. 9 at 7–10; *see also Ortega-Cervantes v.*
10 *Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) (finding a noncitizen released on an
11 "Order of Release on Recognizance" pursuant to INA § 236 "was conditionally paroled
12 under the authority of § 1226(a)").
13 Finally, as Petitioner's detention is governed by § 1226, his re-detention without
14 notice or a bond hearing violates the Due Process Clause. The record before the Court
15 contains no evidence that Petitioner has a criminal history, poses a danger to the
16 community, or presents a flight risk. Indeed, "[a]s ICE was not authorized to release
17 [Petitioner] if [he] was a danger to the community or a flight risk, the Court must infer
18 from [the] release that ICE determined [he] was neither." *Pinchi v. Noem*, 792 F. Supp. 3d
19 1025, 1032 (N.D. Cal. 2025). Petitioner therefore had a protected liberty interest in
20 remaining free from detention. *See id.* at 1032 ("[T]he government's decision to release
21 an individual from custody creates 'an implicit promise,' upon which that individual may
22 rely, that their liberty 'will be revoked only if they fail to live up to the . . . conditions of
23 release.'") (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Respondents do not
24 articulate any change in circumstances or individualized justification for Petitioner's re-
25 detention. *See* 8 C.F.R. § 1236.1(c)(8). Accordingly, ICE's revocation of Petitioner's
26 release on recognizance without a pre-deprivation or bond hearing violated his due process
27 rights and rendered his detention unlawful. *See also C.A.R.V. v. Wofford*, Case No. 1:25-
28 CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding due

process violation where the petitioner was originally released on an order of release on recognizance); *Leiva Flores v. Albarran*, Case No. 25- cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (finding the same and requiring hearing before detention). The Petition is therefore **GRANTED**.[3]

## IV. CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting Order of Release on Own Recognizance.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.[4]

**IT IS SO ORDERED**.

DATE: February 26, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[4] This relief has been granted in similar matters. *See E.A. T.-B v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); *Duong v. Kaiser*, — F. Supp. 3d —, 2025 WL 2689266, at *7–10 (N.D. Cal. Sept. 19, 2025); *Lepe v. Andrews*, — F. Supp. 3d —, 2025 WL 2716910, at *10 (E.D. Cal. Sept. 23, 2025).